IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

DAVID WILLIAMS,
ADC #78730                                                                                  PLAINTIFF

v.                                              5:05CV00114JMM/HLJ

KAY BRODNAX, et al.                                                                 DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Court Judge James M. Moody.    Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection.  If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection.  An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than eleven (11) days from the date of the findings and recommendations.  The copy will be furnished to the opposing party.  Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.      Why the record made before the Magistrate Judge is inadequate.

2.      Why the evidence proffered at the hearing before the District
        Judge (if such a hearing is granted) was not offered at the
        hearing before the Magistrate Judge.

1

3.      The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

>   Clerk, United States District Court
>   Eastern District of Arkansas
>   600 West Capitol Avenue, Suite 402
>   Little Rock, AR 72201-3325

## DISPOSITION

### I.  Introduction

This matter is before the Court on the defendant's motion for summary judgment (DE #123). Plaintiff has filed a response in opposition to the motion (DE #129), and defendant has filed a reply (DE #131).

Plaintiff, a state inmate incarcerated at the Varner Super Max Unit of the Arkansas Department of Correction (ADC), filed this action pursuant to 42 U.S.C. § 1983 against defendants, alleging deliberate indifference to his serious medical needs and denial of adequate medical care and treatment by defendants from September, 2003 until April, 2005.[1]  Plaintiff asks for monetary and injunctive relief from defendants, including Correctional Medical Services, Inc. (CMS), which contracts with the ADC to provide medical care and treatment to state prison inmates, and several individual CMS employees.

---

[1] Plaintiff's allegations of denial of personal hygiene items against defendants Toney and Harris were dismissed by Order dated November 30, 2005 (DE #112).

## II.  Summary Judgment

### A.  Defendants' Motion

In their motion for summary judgment, defendants state that plaintiff can not support his claim for deliberate indifference against them, because plaintiff was continuously treated for various ailments, and essentially complains about the course of treatment received and disagrees with the medical decisions made by the defendants.   Defendants state that plaintiff can not show that they deliberately disregarded his medical needs, and can not show that any delays in receiving medication or tests resulted in harm to the plaintiff.   Furthermore, defendants state that a mere disagreement with a treating decision does not rise to the level of an Eighth Amendment claim.  In support of their motion, defendants present the plaintiff's medical records, and the affidavit of Dr. Roland Anderson, a physician and the Regional Medical Director for CMS, who reviewed plaintiff's medical file.   Defendants also each provide an affidavit in which they note the times in which they treated and/or encountered plaintiff, and the efforts which were made on his behalf.

### B.  Plaintiff's Response

In response, plaintiff states that genuine issues of fact remain concerning the level of treatment provided to him by defendants.  Plaintiff states that he suffers from arthritis, and defendants have limited his treatment for that disease to Ibuprofen.  Plaintiff also states that he sometimes was required to wait 15-40 days to receive his medications.   Plaintiff complains about varicose veins, and the fact that defendants prescribed TED hose, which would not stay up on his legs.   Plaintiff complains that defendants denied his requests for a garter belt to hold up the hose and also denied his requests for injections for his veins.  Plaintiff also complains about knee problems and states that on one occasion he was required to wait forty days before seeing a doctor for swelling in his knee.  Plaintiff complains

about family propensity for blood clots and that his request for a special test to check for blood clots (CRP test) was denied.   Specifically, plaintiff complains that defendant CMS failed to correct the various problems encountered by plaintiff in receiving his medication and the tests he requested, and that the individual defendants also failed to correct the problems he encountered.   Finally, plaintiff complains that he was not referred to an outside physician for tests and treatment.

C.  Defendant's Reply

In their reply, defendants note that plaintiff provides no medical evidence to support his allegations, and fails to provide medical proof that any delays in receiving medications resulted in harm. Furthermore, defendants reiterate that most of plaintiff's complaints are due to his disagreement with the course of defendants' treatment of him, which does not support a constitutional claim.   Finally, defendants state that plaintiff has provided no proof that defendants' actions constituted deliberate indifference to his serious medical needs.

D. Standard of Review

Pursuant to Fed.R.Civ.P. 56(c), summary judgment is appropriate if the record shows that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law.   See Dulaney v. Carnahan, 132 F.2d 1234, 1237 (8th Cir. 1997).   "The moving party bears the initial burden of identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact."   Webb v. Lawrence County, 144 F.3d 1131, 1134 (8th Cir. 1998).   "Once the moving party has met this burden, the non-moving party cannot simply rest on mere denials of allegations in the pleadings; rather, the non-movant must set forth specific facts showing that there is a genuine issue for trial."   Id. at 1135.   Although the facts are viewed in a light most favorable to the non-moving party, "in

order to defeat a motion for summary judgment, the non-movant cannot simply create a factual dispute; rather, there must be a genuine dispute over those facts that could actually affect the outcome of the lawsuit." Id.

E.  Analysis

In order to support a claim for an Eighth Amendment violation, plaintiff must prove that defendants were deliberately indifferent to a serious medical need. Farmer v. Brennan, 511 U.S. 825, 827 (1994).  However, even negligence in diagnosing or treating a medical condition does not constitute a claim of deliberate indifference. Estelle v. Gamble, 429 U.S. 197 (1976).  Rather, the "prisoner must show more than negligence, more even than gross negligence, and mere disagreement with treatment decisions does not rise to the level of a constitutional violation," Estate of Rosenberg v. Crandell, 56 F.3d 35, 37 (8th Cir. 1995). See also Smith v. Marcantonio, 901 F.2d 500, 502 (8th Cir. 1990) (holding that a mere disagreement with a course of medical treatment is insufficient to state a claim for relief under the Eighth Amendment).   Furthermore, prison physicians are entitled to exercise their medical judgment, and "do not violate the Eighth Amendment when, in the exercise of their professional judgment, they refuse to implement a prisoner's requested course of treatment." Long v. Nix, 86 F.3d 761, 765 (8th Cir. 1996 ).  In addition, an inmate who complains that a delay in medical treatment constitutes a constitutional violation must provide "verifying medical evidence" in the record to establish the detrimental effect of the delay, in order to succeed on his claim. Beyerbach v. Sears, 49 F.3d 1324, 1326 (8th Cir. 1995).  Finally, "[i]n the face of medical records indicating that treatment was provided and physician affidavits indicating that the care provided was adequate, an inmate cannot create a question of fact by merely stating that [he] did not feel [he] received adequate treatment." Dulany, supra, 132 F.3d at 1240.

5

In this particular case, plaintiff presents absolutely no evidence in support of a claim of deliberate indifference by any of the defendants.  In fact, the medical records show that plaintiff was treated continuously for his numerous ailments of arthritis, varicose veins, and knee problems.  In addition, plaintiff received prescriptions for aspirin and ibuprofen continuously, and much of that time was able to have the prescriptions on his person.  Defendants admit that plaintiff failed to receive his medications on some occasions.  However, plaintiff has not provided proof that such delay was harmful, or a result of reckless disregard for his health and safety by defendants.   The same holds true for the delay plaintiff alleges in receiving an EKG test.  The results of the test were normal, and plaintiff provides no proof that the delay caused him harm.

In his affidavit, Dr. Anderson notes plaintiff's complaints, the times he was treated by defendants or other medical personnel, the medications proscribed to plaintiff for his ailments, and concludes that defendants acted within the standard of care in treating plaintiff's conditions.  Anderson notes that no medical evidence supports a finding of deliberate indifference by the defendants and concludes that the medical care provided to plaintiff was appropriate and satisfactory for his complaints.  In each of their respective affidavits, defendants note the times they were involved with treating plaintiff or responding to his complaints through the grievance process, and state that they did not act with deliberate indifference to his medical needs.

In response, although plaintiff alleges discrepancies in his treatment, he provides no proof of behavior to support a finding of deliberate indifference by defendants.  In addition, he provides no medical evidence of harm as a result of any delays in his treatment.  Finally, with respect to defendant CMS, plaintiff provides no proof that it caused a constitutional injury to plaintiff by virtue of a company policy.  See Sanders v. Sears, Roebuck & Co., 984 F.2d 972, 975 (8th Cir. 1993).  Therefore, the Court

concludes that defendant' motion for summary judgment should be granted, and plaintiff's complaint against defendants should be dismissed.  Accordingly,

IT IS, THEREFORE, ORDERED that defendants' motion for summary judgment (DE #123) is hereby GRANTED, and plaintiff's complaint against defendants is hereby DISMISSED with prejudice.

IT IS SO ORDERED this 27th day of September, 2006.


_Henry L. Jones, Jr._
United States Magistrate Judge